## THE PEOPLE *v.* CHOISER.

An indictment for murder, which describes the weapon used by which death was produced as a "loaded pistol," is sufficient, though it omits to state the manner in which the weapon was charged.

APPEAL from the District Court of the Thirteenth Judicial District, County of Mariposa.

The facts sufficiently appear in the opinion of the Court.

*Heydenfeldt* for Appellant.

*Attorney-General* for Respondent.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The defendant was indicted for the crime of murder, and convicted of manslaughter.   The error assigned by his counsel is, that the indictment is defective.   The defect alleged is, that the indictment does not state how, or with what substance, the pistol, by means of which the killing is averred to be effected, was loaded.   The indictment charges " the said Lafayette Choiser, on the 26th day of October, 1857, at Bear Valley, in the county of Mariposa, State of California, with premeditation, and with malice aforethought, in and upon one Joseph Bigler, did willfully, unlawfully, maliciously, and feloniously, make an assault with a certain loaded pistol, being a deadly weapon, and did willfully, unlawfully, maliciously, and feloniously, shoot, discharge, and fire off, the aforesaid loaded pistol in and upon the said Joseph Bigler, with the malicious and premeditated design and purpose of killing him, the said Joseph Bigler, and did thereby, willfully, unlawfully, maliciously, and feloniously inflict in and upon the body of the said Joseph Bigler, a mortal wound by means of the aforesaid shooting, discharging, and firing off the aforesaid loaded pistol to, at, and against the body of the said Joseph Bigler, and did thereby willfully, unlawfully, maliciously, and feloniously, and with the intent to deprive the said Joseph Bigler of his life, shoot, wound, kill, and murder him, the said Joseph Bigler."

In The People *v.* Steventon, (9 Cal., 274,) it was held, in a case of this sort, that " the omission to describe the weapon used is not material," and an indictment averring that the prisoner " did cut, stab, and wound the deceased," without stating the weapon, was upheld.   It would seem to follow that this indictment, which does describe the weapon as a "loaded pistol," is sufficient, though it omit to state the manner in which the weapon was charged.   Much of the ancient strictness which obtained in indictments and criminal proceedings, has been relaxed in modern practice, and our statutes indicate, very clearly, the legislative disposition to do away with those matters of form and technical exceptions which do not affect any substantial right of the defendant, but which only serve to embarrass and defeat the administration of criminal justice.   It is difficult to see how, under this indictment, the defendant could fail to be apprised fully of the exact crime charged upon him, or how the omission to describe the manner in which the pistol was charged, deprived him of any right of defence, or embarrassed him in making it,

or exposed him to the hazard of another prosecution for the same cause.

The judgment of the Court below is affirmed.